No. 03-001

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 196N

RICKY LYNN COATES

        Petitioner and Appellant,

  v.

STATE OF MONTANA,

        Respondent and Respondent.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DC 2000-354
The Honorable Susan P. Watters, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Ricky Lynn Coates, Glendive, Montana, *pro se*

        For Respondent:

        Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant
Montana Attorney General, Helena, Montana; Dennis Paxinos, Yellowstone
County Attorney, Billings, Montana

Submitted on Briefs:  May 29, 2003

Decided:  August 4, 2003

Filed:

_____
Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Thirteenth Judicial District Court, Yellowstone County, denied Ricky Lynn Coates' Petition for Post-Conviction Relief. Coates appeals. We affirm.

¶3 Coates was originally charged with Felony Aggravated Burglary and Felony Theft by Accountability. He pled guilty to the felony theft charge and was committed to the Department of Corrections for five years, with two years suspended. The aggravated burglary charge was dismissed. Approximately one year later, Coates filed a *pro se* petition for postconviction relief in the District Court. The District Court interpreted this petition to argue that 1) Coates' guilty plea was not voluntarily entered; 2) he is entitled to a new trial based on newly discovered evidence; and 3) his counsel was ineffective. The District Court denied the petition. Coates filed a petition for writ of habeas corpus and a motion for extension of time in which to challenge the District Court's order denying postconviction relief. We declined to grant habeas relief but construed his motion for extension of time as a notice of appeal from the District Court's order denying postconviction relief.

¶4 We decide this case pursuant to our Order dated February 11, 2003, amending Section

2

1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. The proper standard of review on appeal from an order denying postconviction relief is whether the District Court's findings of fact are clearly erroneous and whether its conclusions of law are correct.

¶5 In reviewing Coates' petition for postconviction relief, the District Court carefully applied the three factors that have been used for at least two decades to determine whether withdrawal of a guilty plea is permitted. *See State v. Huttinger* (1979), 182 Mont. 50, 54, 595 P.2d 363, 366. The District Court found that each factor weighed against Coates and that the record did not substantiate a legal right to withdraw his guilty plea. The court also determined that Coates had waived his right to a new trial by pleading guilty. It analyzed his argument on the merits, nonetheless, and concluded that the "new evidence" was nothing more than an attempt to impeach witnesses and therefore did not meet the well-established requirements for a new trial as set forth in *State v. Greeno* (1959), 135 Mont. 580, 586, 342 P.2d 1052, 1055. Moreover, his claim of ineffective assistance of counsel failed because he presented no credible evidence from which to conclude that counsel's performance was deficient or that he did not know the nature of the crime for which he pled guilty. Lastly, the District Court concluded that Coates was not entitled to appointed counsel based upon the record.

¶6 On appeal, Coates argues that the State, in its response to Coates' previously-filed Petition for Writ of Habeas Corpus, stated that "Coates was presumably charged with a felony, and pled guilty to a felony. . . ." Coates maintains that his arrest, prosecution and

plea agreement were all based on this "presumption" standard rather than "probable cause." He claims that his defense counsel was ineffective for allowing him to plead guilty to a felony when he, in fact, was guilty of a misdemeanor. In the alternative, Coates claims that the District Court erred when it denied him the right to counsel.

¶7    Our review of the District Court record reveals that the District Court addressed and correctly resolved Coates' "presumption v. probable cause" issue.  Furthermore, in the District Court's comprehensive and well-analyzed order, its findings were supported by the evidence and it correctly interpreted Montana law applicable to Coates' Petition for Post-Conviction Relief.  Therefore, we affirm.

/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART'

4